Weld v. Weld.

AUGUSTUS WELD V. JUDITH R. WELD *et al.*

No. 14,193.   (81 Pac. 183.)

SYLLABUS BY THE COURT.

CONTRACTS—*Oral Agreement Fully Executed—Marriage.* An oral agreement, made in consideration of marriage, that after the marriage a debt of one of the contracting parties to the other shall be mutually regarded as paid is fully performed when the marriage takes place and is not thereafter affected by the statute of frauds.

Error from Republic district court; HUGH ALEX-ANDER, judge.   Opinion filed June 10, 1905.   Affirmed.

*V. D. Bullen,* and *B. T. Bullen,* for plaintiff in error. *John C. Hogin,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.:   Judith R. Kidder executed and delivered to Augustus Weld her promissory note for a sum of money, and secured its payment by a mortgage upon her real estate.   Subsequently she married him in consideration of his parol agreement that the marriage should operate as a satisfaction of the note.   Still later he brought a suit against her to recover on the note and to foreclose the mortgage.   She pleaded payment, and upon a trial the jury returned a general verdict in her favor, and made answers to special questions as follow:

"(1) Did the plaintiff and the defendant Judith R. Weld (then Judith R. Kidder), before they were married, and after the note in suit had been given, enter into a parol contract or agreement whereby it was mutually agreed between them that in consideration that said Judith would thereafter marry the plaintiff the note in suit should, upon such marriage, be by the said parties mutually regarded as paid or satisfied? A. Yes.

"(2) If you answer the preceding question 'yes,' then did the defendant Judith R. Weld, in pursuance

Weld v. Weld.

of such alleged contract and as a performance thereof on her part, marry the plaintiff?   A. Yes."

Judgment was rendered for the defendant for costs. It is now urged that the evidence supporting the plea of payment was inadmissible because the contract, being oral, is within the statute of frauds, and marriage is not a sufficient part performance to remove the bar, and that the evidence admitted was not sufficient to sustain the verdict.

It is true the statute of frauds provides that no action shall be brought to charge any person upon any agreement made upon consideration of marriage unless the agreement upon which the action is brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him or her lawfully authorized.   (Gen. Stat. 1901, § 3174.)

It is likewise true that authorities may be found to the effect that generally marriage is not a sufficient part performance to avoid the effect of the statute; but there is no question of part performance in this case.   The contract was fully executed when the defendant married the plaintiff.   Nothing further was to be done by either party to satisfy its obligations. The agreement was not that the plaintiff would after marriage deliver money or property or securities to the defendant in consideration of the marriage, or that he would after marriage execute and deliver to her legal documents affecting her property rights.   It simply was that the debt should be paid when they were married.

Some of the evidence on behalf of the defendant, as given by different witnesses, is as follows:

"They were out in the yard, and they came into the house, and he put his hand on her shoulder and said: 'Well, Anna, you need n't worry about the debt; after we are married the debt will be paid.'

"About three weeks after they were married they came back to our house.   She and I were preparing

something for dinner. We were in the dining-room, and he was outside pitching a tent. He came into the room. He slapped her on the shoulder, and he said to me: 'Anna need not worry no more about the debt; her mortgage is paid.'

"We were talking, he and I and his wife, about the indebtedness on the place. My recollection is now that he told her that there was no indebtedness on the place. Right then I said to him that to protect Anna, his wife, he ought to cancel the mortgage. He said that would be the first thing to do when they got home."

The statute of frauds does not render void the verbal contracts to which it refers. They are valid for all purposes except that of suit. (*Stout v. Ennis,* 28 Kan. 706.) The parties may perform them if they desire, and when performed the statute has no application to them. (29 A. & E. Encycl. of L. 829, 941.)

The plaintiff argues the case as if the contract were that he should enter of record a satisfaction of the mortgage. Such, however, was not the tenor of the agreement, and that duty followed, upon demand's being made, whenever the debt was paid. (Gen. Stat. 1901, § 4224.) Since the parol evidence introduced established a contract fully performed, it was competent.

The evidence might perhaps have been made the basis of different conclusions as to the existence of the contract relied upon as a defense to the suit. It was, therefore, properly submitted to the jury for interpretation. The jury has performed its duty in that respect, and the trial judge has approved the result. Hence, this court will not interfere.

Other assignments of error all converge in the proposition first discussed above, and need not be separately considered.

The judgment of the district court is affirmed.

All the Justices concurring.