No. 21,722.

H. N. VAUGHT, *Appellee*, v. JONATHAN L. PETTYJOHN and CHARLES F. PETTYJOHN, Partners, etc., *Appellants*.

### SYLLABUS BY THE COURT.

1. ORAL LAND CONTRACT—*Statute of Frauds—Not Available to Third Parties—Measure of Damages against Intermeddler.* The rule of the statute of frauds which requires contracts for the conveyance of land to be in writing in order to furnish a legal basis for their enforcement, concerns only the parties to such contracts and their privies. The statute cannot be invoked by third parties not concerned therein. Oral contracts relating to land are not inherently illegal; the parties thereto may consummate them if they are willing to do so, and third parties whose intermeddling is the sole cause of frustrating the consummation of such oral contracts must respond in damages to the injured party; and the measure of damages is the loss of profits on the transaction which their wrongdoing frustrated, when that loss is capable of definite ascertainment.

2. SAME—*Frustrated by Intermeddler—Measure of Damages.* The fair and reasonable value of land at the time it was the subject of a bargain, is a proper and competent matter to be proved in an action for loss of profits against one whose wrongdoing frustrated the consummation of the bargain, and the cost of the land would be of no evidential value in ascertaining the damages.

3. SAME—*Excluded Evidence—When Reviewable.* Error cannot be predicated upon the exclusion of evidence when it is not brought on the record in support of a motion for a new trial and is not before the supreme court for review, following *Scott v. King*, 96 Kan. 561, 567, 152 Pac. 653.

4. SAME—*Minimizing Damages.* The rule that one who suffers from the wrong of another must use reasonable diligence to lessen or minimize his damages, is held to be inapplicable to the facts of this case.

5. SAME—*Execution of Contract—Prevented by Intermeddler—Liability for Damages.* The plaintiff applied to defendants for a loan of money to be secured by a mortgage on his farm. He executed a note and mortgage which were delivered to defendants. The instruments were not in satisfactory shape, and defendants prepared new instruments and forwarded them to plaintiff for his signature, but they retained the original instruments in their possession. Meantime, plaintiff procured a loan elsewhere. Then defendants recorded the first instruments, apparently to force plaintiff to pay them or their agent a commission. Plaintiff made a bargain to exchange his farm for Oklahoma property, but the cloud on plaintiff's title occasioned by defendants' wrongful recording of the ineffective mortgage and their refusal to cancel and release it defeated the plaintiff's trade. *Held,* that defendants are liable to plaintiff for all damages capable of definite ascertainment and definite proof.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed February 8, 1919. Affirmed.

*Al F. Williams,* of Columbus, and *S. D. Scott,* of Olathe, for the appellants.

*C. A. McNeill,* and *F. W. Boss,* both of Columbus, for the appellee; *Maurice McNeill,* of Columbus, of counsel.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff sued the defendants for damages sustained through defendants' wrongful registration of a mortgage upon his land and their failure and refusal to release the same of record upon his demand.

The trouble arose in this wise: Plaintiff applied to defendants' agent for a loan upon his farm. The agent prepared a note and mortgage and sent it to plaintiff for execution. Plaintiff signed and returned these without notarial acknowledgment. The instruments were again sent to plaintiff for completion. They were corrected and forwarded to defendants, but in such unsatisfactory shape that defendants did not accept them. Instead, they prepared new instruments for plaintiff to execute, but they retained the first instruments. Meantime, plaintiff applied elsewhere for a loan and procured one from the Warren Mortgage Company. Then the defend-

ants, without authority, consideration, or lawful excuse, filed and recorded the mortgage instrument which plaintiff had first presented to them, and which they had retained in their possession, although they had not accepted it nor loaned him any money upon it.

Sometime afterwards plaintiff entered into an oral contract with a party in Oklahoma to exchange his farm for a building and hardware stock. The bargain was profitable to plaintiff. But when the Oklahoma man looked into the title to plaintiff's farm, he discovered defendants' mortgage, and this fact prevented the consummation of the trade. This trade had been negotiated for plaintiff by Fuller & Fry, a firm of real-estate dealers, and upon the failure of the deal they sued plaintiff for their commission. Plaintiff employed attorneys to defend him in that suit. As an incident to that proceeding, Fuller & Fry, garnished $1,000 of the money which plaintiff had borrowed from the Warren Mortgage Company. That money was "tied up" about six months. Plaintiff's demands that defendants cancel and discharge their pretended mortgage on plaintiff's farm were ignored.

The jury allowed plaintiff $1,000 as damages for loss of profits on the Oklahoma deal; $100 for attorneys' fees expended by him in the case brought against him by Fuller & Fry; and $30 as interest on his money sequestered by their garnishment. The trial court rendered judgment accordingly.

Defendants assign certain errors, which will be considered in their order. Their principal contention is, that since plaintiff's contract with the Oklahoma man involved conveyance of real estate and was not in writing, it was unenforceable under the statute of frauds, and therefore furnished no basis for this action for damages. That matter would be important if one of the parties to that contract had failed or refused to perform; but that weakness of the contract was not subject to collateral attack by defendants or by any third party. (*Couch v. Meeker*, 2 Conn. 302; *Michels v. West*, 109 Ill. App. 418; *Grisham v. Lutric & Chandler*, 76 Miss. 444; 20 Cyc. 279, 306, 307.)

The contract was valid for all purposes except as a basis for an action to enforce it (*Weld v. Weld*, 71 Kan. 622, 624, 81 Pac. 183), and the evidence and finding of the jury established

the fact that the contract failed, not through the invocation of the statute of frauds by one of the parties to the contract, but solely by reason of defendants' wrongful registration of the unaccepted mortgage and the consequent cloud on plaintiff's title.

A third party cannot make the statute of frauds available as an excuse for his wrongful conduct which interferes with and prevents the consummation of a transaction between other persons. The statute cannot be raised by those who were neither parties nor privies to the agreement. When the vendor admits the truth of the oral agreement to sell his land and is willing to perform it, and where the purchaser is also willing, the purpose which requires such agreement to be in writing is served, and the want of the writing is no concern of others. Nor can third parties escape the consequences of their wrongful intermeddling which prevents the consummation of the transaction. (*Mewburn's Heirs v. Bass,* 82 Ala. 622, 628; *Ryan v. Tomlinson,* 39 Cal. 639; *Daum v. Conley,* 27 Colo. 56; *King v. Bushnell et al.,* 121 Ill. 656; *Burrow v. The Terre Haute and Logansport Railroad Company,* 107 Ind. 432; *Crawford v. John T. Woods, etc., Crawford v. Hardin,* 69 Ky. 200; *The St. L., K. & N. W. R'y Co. v. Clark,* 121 Mo. 169; *Davis v. Inscoe,* 84 N. C. 396; *Christy et al. v. Brien et al.,* 14 Pa. St. 248; *Thomas J. Sneed et al. v. Walter M. Bradley et al.,* 36 Tenn. 301; *Bell v. Beasley,* 18 Tex. Civ. App. 639; *Murray Hill Mng. & Mill Co. v. Havenor et al.,* 24 Utah 73. See, also, *Jackson et al. v. Stanfield et al.,* 137 Ind. 592; *Rice et al. v. Manley,* 66 N. Y. [21 Sickels] 82; *Benton v. Pratt,* 2 Wend. [N. Y.] 385.)

Appellants' next complaint relates to the admission of testimony touching the value of the land at the time of plaintiff's deal with the Oklahoma man. This was competent and necessary as one of the elements of proof to show plaintiff's loss of an assured profit on his bargain for the Oklahoma property. (*Railway Co. v. Thomas,* 70 Kan. 409, syl. ¶ 3, 78 Pac. 861.) Appellants say the proper measure of plaintiff's damage should have been based upon the cost of the farm. That is a fallacy; the farm may have cost him nothing; it might have cost him three times or ten times its value.

Another error is urged in the trial court's rejection of evi-

dence to show a conversation between appellants and the attorney for plaintiff touching the release of the mortgage wrongfully recorded. It cannot be discerned how that evidence would be material; and as it has not been brought on the record no error can be predicated thereon. (*Scott v. King,* 96 Kan. 561, 567, 152 Pac. 653.)

Appellants' final contention is that plaintiff might have paid the commission demanded by defendants' agent for his services in negotiating the loan which gave rise to the execution of the mortgage which was recorded by defendants although not accepted by them, and thus have secured a release of that mortgage, and thereby he would have cleared his title and could have consummated his trade for the Oklahoma property. This argument leads us to infer that the wrongful recording of the mortgage was designed to extort a loan broker's commission from plaintiff. The record does not show how much money it would have required to pay such commission. But the court is not impressed with the argument that plaintiff should have prevented the wrong done him by submitting to some lesser wrong. The case does not fall within the rule that one must use reasonable diligence to lessen or minimize the damages which he has sustained at the hands of a wrongdoer.

There is nothing further of substantial merit in this case which requires discussion. The record discloses no error; and the judgment is affirmed.