No. 22,884.

C. H. KINDIG, *Appellee,* v. LEE RICHARDSON, as Sheriff, etc., *Appellant.*

SYLLABUS BY THE COURT.

1. EXECUTION—*Reaches Only Property Actually Owned by Debtor Irrespective of Legal Title.*  An execution will not reach property to which a judgment debtor merely holds the naked legal title for the benefit of a third party without any beneficial interest therein for himself.

2. SAME — *Oral Transfer of Real Property — Neither the Statute of Frauds Nor Statute of Trusts Applies.*  Where two persons who each own a half interest in certain lands orally agree that one of them may trade off as his own the interest of both in part of the lands, and that the other party shall be the exclusive owner of the remaining lands, and the one who thus parted with all his interest in the lands afterwards becomes the judgment debtor of another person, the remaining lands cannot be seized and sold on execution to satisfy the judgment debt, and oral testimony in admissible to establish the agreement, notwithstanding no formal conveyance has been made to the exclusive owner thereof, nor though the record still shows title in the judgment debtor.

Appeal from Finney district court; CHARLES E. VANCE, judge.  Opinion filed January 8, 1921.  Affirmed.

*H. O. Trinkle,* of Garden City, for the appellant.

*F. Dumont Smith,* of Hutchinson, *R. W. Hoskinson,* and *R. S. Field,* both of Garden City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.:  The plaintiff brought this action to restrain the defendant sheriff from selling a half section of land in

Finney county to satisfy a judgment against B. M. McCue, in whose name the record of titles disclosed a half interest.

McCue was a brother-in-law of plaintiff, and the evidence tended to show that in 1906 this half section and other lands were owned by one Jones and the plaintiff, and that in 1907 McCue acquired by conveyance the half interest of Jones. In 1908, by oral agreement between plaintiff and McCue, the latter was permitted to trade off as his own all the other lands formerly owned by Jones and plaintiff, upon the consideration that the remaining half section in controversy should be the exclusive property of plaintiff. To controvert this showing, there was the evidence inherent in the circumstance that the record title to a half interest stood in McCue, and that the plaintiff had manifested no showing of ownership, not even paying the taxes. However, it was shown that plaintiff was a nonresident, that the land was rented for pasture, the consideration being the payment of the taxes.

Judgment was entered for plaintiff and defendant appeals.

It is familiar law that an execution, like all other proceedings *in invitum*, will only reach the actual property of the judgment debtor (*Eggers v. Ross*, 103 Kan. 812, 176 Pac. 655), not that to which he merely holds the legal title for the benefit or convenience of another (Note, 30 L. R. A., 98, 115; 17 Cyc. 958), and that in execution process every equity of third parties must be respected. The evidence to which the trial court gave credence showed that the judgment debtor had parted with his interest in this half section ten or twelve years ago. That he still holds the legal title to a half interest in the land is of no consequence. Neither the statute of frauds nor the statute of trusts is invocable to strip the equitable owner of this property at the instance of McCue's judgment creditor or of any third party not privy to the oral contract of 1908, and the facts can be established by parol testimony. (*Harrison & Willis v. Andrews*, 18 Kan. 535. See, also, Gen. Stat. 1915, § 11681; *Franklin v. Colley*, 10 Kan. 260; *Vaught v. Pettijohn & Co.*, 104 Kan. 174, 178 Pac. 623.

Affirmed.