No. 25,032.

L. W. CRETCHER, doing business as The Cretcher Lumber Company, *Appellee,* v. THE FISHER MACHINE WORKS COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN—*Action to Foreclose—Instructions.* To show that an instruction which states that certain facts are conceded is erroneous, the abstracts must show that the statement in the instruction was not correct.

2. SAME—*Written Contract for Building Material—Evidence of Additional Oral Contract for Additional Material Competent.* Evidence to prove an oral contract to furnish building material, in addition to that provided for by a written contract, is competent, where the oral contract was made subsequent to the written one.

Appeal from Scott district court; ROSCOE H. WILSON, judge. Opinion filed May 10, 1924. Affirmed.

*Stanton L. Smiley,* of Scott City, for the appellant.

*Ed R. Bane,* and *Leo T. Gibbens,* both of Scott City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action is one to foreclose a mechanic's lien. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

1. Complaint is made of the following instruction given by the court to the jury:

"It is conceded that the real property mentioned was owned by the defendant and that the material for which the plaintiff ·seeks to recover was furnished for the purpose of erecting a building on such property."

A verified answer was filed. It contained a general denial and alleged that the mechanic's lien failed to set out the name of the owner of the property and that the petition was otherwise defective. How the case stood after the opening statements and the introduction of evidence does not appear from the abstracts. For all that does appear, the facts stated in the instruction may have been conceded either in the opening statements or in the introduction of evidence. For these reasons, it is not shown that the instruction was erroneous.

2. Another complaint is that the petition alleged that the owner of the property "verbally and in writing contracted with" the plaintiff whereby the latter was to furnish building material, etc., in the construction of a building. A written contract was shown by which the plaintiff was authorized to furnish building material amounting to $300. The plaintiff was· permitted to introduce oral evidence which tended to show that after the written contract had been entered into, a verbal agreement was made by which the plaintiff was to furnish additional building material for use in constructing the building. The defendant objected to the introduction of that evidence and now contends that the court committed error in admitting it because.its admission violated the rule prohibiting evidence to alter, vary, or contradict the terms of a written contract. The evidence introduced did not have that effect. It tended to prove that another and additional contract had been subsequently made. The written and oral contracts were both good, and evidence to establish each was competent. It was not error to admit the evidence.

The judgment is affirmed.