No. 30,342.

THE SINCLAIR REFINING COMPANY, *Appellant*, v. B. S. VAUGHN, *Appellee*.

(9 P. 2d 995.)

Opinion filed April 9, 1932.

*Robert W. Hemphill*, of Norton, *Walter E. Brown* and *Roger B. Jones*, both of Kansas City, Mo., for the appellant.

*C. A. Spencer* and *J. H. Jenson*, both of Oakley, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover money. Judgment was for defendant on a cross petition. Plaintiff appeals.

Appellant operated a chain of oil and gas stations in Kansas. Appellee was conducting a bulk station for appellant at Selden. The contract of employment was a written one. The business was handled by appellant shipping gasoline and oil to appellee. He put it in tanks and sold it to customers. About once a month an auditor would come to Selden and check up on appellee. In case he found that there was not as much gasoline on hand as the records showed there should be, the shortage was charged to appellee. Soon after the employment of appellee started, this auditor found a shortage each time he checked this particular station. Appellee insisted that the shortage was due to leaky tanks. After some time a test was made by locking the tanks up. This test disclosed that the tanks had been leaking. They were dug up and found to have holes and sprung seams in them. It was out of the attempts on the part of appellee and representatives of appellant to adjust the charges that had been made against appellee on account of these alleged shortages that this case grew.

The petition of appellant alleged the employment and that appellee then had a certain amount in his hands which he had collected from the sale of the products of appellant. Appellee answered admitting that he held this amount of money, but alleged that he was entitled to commission on that amount; that he was entitled to a stated amount for hauling gasoline from Oberlin to Selden while his tanks were locked up; that he was entitled to an amount for unauthorized credits which he had been unable to collect and which he had paid to appellant and which appellant had not reassigned to him; and that he was entitled to a named amount on account of money which he had been compelled to pay appellant on account of shortages that were later discovered to have been caused by the leaky tanks. The basis of the claim was that an agent of appellant had admitted the correctness of these claims, but had induced appellee to forego his right to them in return for the privilege of delivering products of appellant from the station at Selden to two stations of appellant at Hoxie. The answer alleged that appellee had entered upon this contract and had delivered the gas to the stations at Hoxie for about two years when appellant deprived him of this

business. Appellee offered to offset so much of his claim as would satisfy the sum which he admitted owing appellant and asked judgment in addition in the amount of $429.70. The reply of appellant was a general denial of the allegations of the answer. The case was tried to a jury. A verdict for defendant in that amount was returned and judgment entered accordingly. From that judgment this appeal is taken.

The first error urged by appellant is that its demurrer to the evidence of appellee should have been sustained. This argument is based largely on the claim that the figures testified to by the witnesses do not figure out with mathematical correctness. We do not consider this argument good. Even if the figures testified to do not come out exactly right, there was sufficient evidence to warrant the trial court in submitting the issues to the jury.

The case was tried on the theory that appellee was entitled to recover certain amounts from appellant because it had compelled him to pay them wrongfully and that he was induced to forego the right to recover back these payments by being promised the right to deliver oil and gas to the stations at Hoxie, and that when this contract was taken away from him, he then became entitled to the repayment of the money, the right to recover which he had given up in return for that contract. The trial court admitted evidence and instructed the jury on that theory. Appellant urges that this was error. It argues that the contract of employment was written and that it contained a provision that it could not be changed by an oral contract and that the agreement by the agent of appellant that appellee was entitled to a return of so much money on account of payments which he had been forced to make was an oral contract which attempted to vary the terms of a written contract and was void under the terms of the written contract. We have concluded that this argument is not good. The contract relied on was not a change in the terms of the written contract of employment, but was the culmination of the efforts of all parties to adjust a difference that had arisen under the written contract. Adjustments of this kind are frequent, and necessarily so, else it would be too cumbersome to carry on business under a written contract.

The argument is made that the agent of the company who made the contract in question was not authorized to do so. The fact is, though, that he was sent out by the company to do the very thing he did in this case. The company received the benefit of what he did.

It cannot now be heard to complain that what he did was unauthorized.

Appellant argues that the contract alleged by appellee, whereby he was given the business of furnishing the gas and oil to the Hoxie stations for five years, was void under the statute of frauds. The fact is that appellee does not advance any claim based on a right to enforce that contract. He asks only that the consideration which he paid for this contract be returned to him. This he is entitled to.

As to the amount claimed by appellee as due him on account of unauthorized credits extended by him and paid by him to appellant and which appellee claims were not reassigned, appellant urges that appellee was not entitled to recover this amount in the absence of proof that the failure of appellee to reassign prevented him from collecting. This point is not good. Appellee was entitled to an opportunity to collect these accounts for his own benefit as soon as he paid them to appellant. It cannot be said that the failure of appellant to reassign at once did not of itself hamper appellee in the collection of these accounts.

There are other errors urged by appellant in its brief, but what has been said in this opinion disposes of them.

The judgment of the district court is affirmed.