No. 34,929

FRED ANDREGG, *Appellee*, v. WILLIAM C. SPARROW, *Appellant*.

(107 P. 2d 739)

Opinion filed December 7, 1940.

*W. H. Clark,* of Hoxie, *W. L. Sayers* and *W. P. Sayers,* both of Hill City, for the appellant.

*C. L. Thompson,* of Hoxie, for the appellee.

The opinion of the court was delivered by

Smith, J.: The plaintiff brought this suit against the defendant to obtain judgment on a promissory note and to foreclose a real-estate mortgage given to secure the note. The defendant set up the statute of limitations as a defense. Judgment was for the plaintiff, and defendant has appealed.

The parties agree and the evidence establishes without question that the note and mortgage sued upon were given on October 24, 1931, to cover the purchase price of the farm in Sheridan county, the description of which is set out in the mortgage. The mortgagee, C. E. Montgomery, on that day sold the farm to the defendant. There likewise is no dispute but that on October 21, 1933, defendant paid the sum of $165 to Montgomery. Later the note and mortgage were duly assigned to the plaintiff.

The mortgage note with endorsements thereon was attached to the petition and introduced in evidence. It reads as follows:

"EXHIBIT A.

"Hoxie, Kansas, Oct. 24, 1931.

"800.00

"On or before eight years after date, for value received, we or either of us promise to pay to the order of C. E. Montgomery at the Hoxie State Bank, Hoxie, Kansas, eight hundred and no/100 dollars with 6 per cent interest from date, payable annually, and if not paid this note shall become due and payable at once and draw 6 percent interest until paid, and all back interest shall draw 8 percent interest. The makers, endorsers and grantors of this note

hereby severally waive presentment of payment, notice of nonpayment, protest and notice of protest.

"WM. C. SPARROW.

"P. O. Hoxie, Kansas
"Date due————19—
"No.—————.
"No endorsements except
      " 'Oct. 21, 1933, Paid $165.00'
      " 'Without recourse, pay to the order of Fred Andregg.' "

From the provisions of the above note it appears that the obligation became due upon default in the payment of interest without giving any option in that matter to the payee. Thus, when default in interest was made before October 21, 1933, the note became due as to principal and the five-year statute of limitations began to run. (*Miles v. Hamilton,* 106 Kan. 804, 189 Pac. 926.)

On October 21, 1933, a payment of $165 was made on the note when defendant gave the payee a diamond ring and the payee gave defendant credit on the obligation for $165 and certain money in cash.

The only question of fact in the case is as to the manner in which it was agreed that this payment of $165 was to be credited. Plaintiff's evidence showed, and the trial court found, that it was agreed that the payment was to be used to pay the interest on the note up to that date and to further prepay the interest to March 1, 1935. Defendant contends that the agreement was that the back interest should be paid and the balance of the payment should be applied upon the principal. This suit was filed January 24, 1939; hence defendant claims the note was barred by the five-year statute.

The evidence of plaintiff was ample to support the finding of the trial court that the agreement at the time of the payment made on October 21, 1933, was that the payment was to be applied to the back interest and to prepay the interest until March 1, 1935, and that the note should not be due until the latter date. That the testimony of defendant was in the main contrary to this view of the transaction cannot now concern us. We cannot disturb the finding of the trial court when it is supported by sufficient competent evidence nor can we delve into the question of the credibility of the various witnesses for plaintiff and defendant.

Thus taking as established the facts testified to by plaintiff's witnesses, it clearly appears that the maturity of the note was extended and that it did not become due so that the statute of limitations would begin to run until March 1, 1935. The suit was not barred.

In *Hubbard v. Ogden,* 22 Kan. 363, it was said:

"We also think that the court below was correct in holding that generally when a debtor owing money pays his creditor interest on the same, in advance, for the use of the same for a period of time over, above and beyond the time originally agreed upon for the money to become due, and at the time of the payment of the interest no express contract is made as to when the money shall become due or be paid, such prepayment of the interest, and its reception by the creditor, constitute an implied contract between the parties extending the time for the payment of the money up to the close of the time for which such interest was paid and received." (p. 372.)

In *Royal v. Lindsay,* 15 Kan. 591, in an opinion written by Mr. Justice Brewer, the court held that the mere promise of the maker of a note to pay interest at a slightly higher rate in the future was sufficient consideration to make a binding agreement to extend the time of payment of a note.

See, also, *Bank v. Coerber,* 113 Kan. 498, 215 Pac. 285, also annotation on extending the time of payment of obligations by the prepayment of interest and the release of sureties by such extension 59 A. L. R. 988.

Defendant contends that this case is controlled by *Miles v. Hamilton,* 106 Kan. 804, 189 Pac. 926, referred to above. It would appear counsel have misconceived the holding in that case. In the Miles case there was no prepayment of interest which would be due in the future if the loan should be continued in force. A careful reading of the case will show that not even all of the back interest was paid at the time of the claimed extension. All the court there held was that no waiver of any kind could result merely from the acceptance of a part of an overdue indebtedness, and that there was no consideration for the claimed extension. All that was paid in that case was already due. In this case the interest was paid for more than a year in the future. This interest never would have become due if the obligation was due at that time and had been paid in accordance with the contract.

Defendant claims plaintiff's evidence as to the agreement at the time of the payment in October 21, 1933, was inadmissible under the rule against varying the terms of a written instrument by parol testimony. A sufficient answer is that the agreement as to the payment took place after the execution of the note and mortgage and was subsequent thereto. (*Sinclair Refining Co. v. Vaughn,* 135 Kan. 82, 9 P. 2d 995; *Cretcher v. Machine Works Co.,* 116 Kan. 54, 225 Pac. 1041.)

It is also contended that the statute of frauds prevents the introduction of this evidence as to the prepayment of the interest and the agreement to extend the time for payment of the note. The argument is that this was an oral contract which was not to be performed within one year. We cannot agree. The statute of frauds has never been held to apply to executed contracts, but only to executory contracts. We regard the contract as one which was executed on the part of defendant by his payment of the interest on the day of the agreement. That was all he agreed to do. So the consideration for the extension was not to be performed by him after the expiration of a year. Moreover, it may be pointed out that under the terms of the original note the note was not due unless there was a default in interest. When the interest was paid up to date and in advance it is somewhat difficult to see how it could have been contended that the note was due under its original terms until March 1, 1935, even apart from any new oral agreement.

The defendant at the proper time before the trial of the case demanded a jury trial. This request was denied and the case was tried to the court. It is argued that this was error. A suit to foreclose a real-estate mortgage is primarily a suit in equity. There was nothing to take the case out of the usual rule that a jury trial cannot be demanded as a matter of right in suits in equity. (*Fidelity Nat. Bank & T. Co. v. Cloninger,* 142 Kan. 558, 51 P. 2d 35; *Larrick v. Jacobson,* 139 Kan. 522, 32 P. 2d 204; *Union State Bank v. Chapman,* 124 Kan. 315, 259 Pac. 681.)

Certain other matters are mentioned in the briefs and have been carefully considered by the court.

No error has been found in the judgment and the same should be and is hereby affirmed.