No. 36,374

F. H. Cron, *Appellee*, v. C. C. Zimmerman, *Appellant*.

(159 P. 2d 400)

Opinion filed June 9, 1945.

*K. M. Geddes,* of El Dorado, was on the briefs for the appellant.

·*R. T. McCluggage* and *L. J. Bond,* both of El Dorado, were on the briefs for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was an action by a payee to recover on a promissory note against three makers. Service was obtained on only one of the makers, C. C. Zimmerman. Judgment was against that defendant and·he appeals.

The various specifications of error actually involve only one legal question. It is whether there was a new and independent consideration for an oral agreement alleged by defendant to have been made by the makers and the payee subsequent to the execution and delivery of the note.

The note was originally executed and delivered June 20, 1936. It was due ninety days after date with interest at six percent per annum. The note was not paid at maturity but installment payments were made thereon from time to time, the last payment being June 5, 1943. This action was filed June 30, 1943.

Appellant's answer, in substance, alleged:

The subsequent oral contract was made by the payee and the three makers of the note; it was agreed thereby that each of the makers would be liable for only one-third of the note and that payments thereon might be made at the rate of $10 per month; appel-

lant complied therewith by paying $10 each month until this action was filed; he was willing to pay his one-third of the indebtedness.

In the reply appellee denied such agreement was made.

Appellant's evidence in substance conformed with the averments contained in his answer except for the fact that appellant's evidence, insofar as the record before us is concerned, does not disclose that appellee agreed the makers were permitted to pay at the rate of $10 per month. We may, however, treat his evidence as though it fully supported the averments of his answer. Appellant's testimony, touching the oral contract, was stricken out in response to appellee's motion and appellee's demurrer to appellant's testimony was thereafter sustained. The motion and the demurrer in this case raise the same question and are so treated by the parties. We shall treat the ruling as a demurrer to appellant's evidence.

Was the demurrer properly sustained? According to the tenor of the note the three makers were, of course, jointly and severally liable for the entire face value of the note. Appellee concedes a subsequently executed oral contract, supported by a fresh and independent consideration, is enforceable as between the parties to the note but he argues appellant's evidence discloses no such consideration. He insists there was no new consideration for the subsequent oral contract, that appellant agreed to pay nothing, and paid nothing he was not already legally bound to pay according to the tenor of the note.

On the other hand, appellant argues there was a new consideration for the subsequent oral contract. He contends appellee knew he could not by judgment and execution collect the entire original amount of the note from the makers and for that reason induced the makers, by the above mentioned agreement, to make monthly payments thereon until the note was reduced to an amount which was collectible. He argues the reduction of the indebtedness by means of the subsequent contract benefited appellee and constituted a sufficient consideration for that contract. In support of his contention he cites *Cretcher v. Machine Works Co.*, 116 Kan. 54, 225 Pac. 1041; *Sinclair Refining Co. v. Vaughn*, 135 Kan. 82, 9 P. 2d 995; *Andregg v. Sparrow*, 152 Kan. 744, 107 P. 2d 739.

In the Cretcher case an original building contract was involved. The evidence pertaining to the subsequent oral contract did not have the effect of varying the terms of the previous written contract. The subsequent oral contract pertained only to the furnish-

ing of additional material to that provided for under the original contract. The Sinclair Refining Company case involved a written contract of employment for the operation of a chain of oil and gas stations. The subsequent oral contract made no change in the terms of the former written contract. The oral contract constituted only a settlement of the differences which had arisen between the parties in connection with operations under the original contract. The Andregg case involved the question of a consideration for a subsequent oral agreement to extend the maturity of a note and mortgage. It was held there was a consideration for such subsequently executed oral agreement and indeed there was. The consideration for the extension of the maturity date was that the maker agreed if the maturity date were extended he would pay the interest not only to the original maturity date but for one year in advance and he did so.

In the instant case the written contract, the note, required the payment of the entire indebtedness and interest by each maker at maturity. What was the consideration for the alleged new oral contract which made each maker liable for only one-third of the debt and extended the maturity thereof until the debt was paid at the rate of $10 per month? We find none. Under the terms of the note appellant was already obligated to pay all and not merely one-third of the note plus interest at the date of its maturity. The fact he was financially unable to meet that obligation did not change his legal liability. Manifestly appellee did not benefit by reducing that liability to one-third. Nor was there any legal consideration for permitting appellant to string the payments along at the rate of $10 per month when according to the legal tenor of the note he was required to pay the indebtedness in full at maturity.

The rule is that an agreement to do or the doing of that which a person is already bound to do does not constitute a sufficient consideration for a new promise. (*Pemberton v. Hoosier*, 1 Kan. 108, 115, 116; *Schuler v. Myton*, 48 Kan. 282, 29 Pac. 163; *Miles v. Hamilton*, 106 Kan. 804, 806, 189 Pac. 926, 19 A. L. R. 276; *Heaton v. Myers*, 115 Kan. 75, 222 Pac. 66; *Jackson v. Hall*, 139 Kan. 832, 834, 32 P. 2d 1055; *Western Silo Company v. Johnson*, 203 Ky. 704, 262 S. W. 1093; 12 Am. Jur., Contracts, § 407, p. 985, 10 C. J. S., Bills and Notes, § 146.)

Here appellant under the new oral contract would be required to do and, if he complied therewith, would do less than the original contract bound him to do. Permission to pay in installments was merely a matter of favor and indulgence on the part of the payee and his forbearance, without a legal consideration, did not make the oral agreement enforceable. (*Heaton v. Myers*, supra.) In the Heaton case we said:

"An agreement to forbear collection of a matured note and to permit the maker to pay in installments, must be supported by a consideration or it is not enforceable.

. . . . . . . . . . . . . . . . .

"There is no presumption of benefit to the creditor or of detriment to the debtor if a request for forbearance be granted. Benefit and detriment are facts and must appear in the transaction. The creditor is under no obligation to his debtor to take active measures to enforce payment. He may remain passive and preserve his remedies, and he may tell the debtor he will remain passive without losing his remedies. (*The Planters' Bank of Prince George's County v. Sellman*, 2 Gill and Johnson, [15 Md.] 230, 234.) In this instance we have nothing but uncompensated forbearance by the creditor." (p. 76.)

The same is true here and the judgment is affirmed.