No. 38,493

W. A. POWELL, *Appellant,* v. (John V. Powell and Lillian E. Powell, Defendants) MAX LEON, *Appellee.*

(239 P. 2d 974)

Opinion filed
January 26, 1952.

C. S. *Denison* and *Rollie P. Emmitt, Jr.,* both of Pittsburg, were on the briefs for the appellant.

A. *Staneart Graham,* of Pittsburg, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action against two defendants for the specific performance of an oral compromise contract pertaining to real estate and against a third party claiming title thereto. The trial court sustained a general demurrer of the third party to plaintiff's amended petition. That ruling is the sole issue in plaintiff's appeal. No question is presented by the other two defendants touching their alleged right or interest in the property, a lot in the city of Pittsburg.

The amended petition is brief. Omitting formal parts thereof, it and the prayer read:

"That the plaintiff is a resident of and his post office address is Pittsburg, Kansas, but is temporarily located at 1428 Bryan Street, Oklahoma City, Oklahoma, and he receives his mail at Post Office box 1322 in said city.

"That on the 27th day of August, 1948, Sarah E. Powell and W. A. Powell, the plaintiff, her husband, made and delivered to the defendants John V. Powell and Lillian E. Powell their certain deed purporting to convey to said last named defendants the following described real estate, situated in Crawford County, Kansas, to-wit:

"Lot Seven (7) Suburban Homes Addition to the City of Pittsburg.

"That said conveyance of said real estate by the grantors named in said deed to the grantees in said deed named was conveyed with the understanding and agreement that said real estate was to be held in trust for the benefit of said grantors or the survivor.

"That after said conveyance of said real estate was originally made and after the death of the grantor, Sarah E. Powell, a dispute arose by and between the plaintiff herein and the defendants John V. Powell and Lillian E. Powell as to said plaintiff's rights and ownership in and to said real estate and on or about the 19th day of April, 1950, a compromise agreement was entered into whereby it was agreed between plaintiff and said defendants, John V. Powell and Lillian E. Powell, that said last named defendants would convey by deed said real estate to the plaintiff in full and complete settlement of all disputes and differences between said parties.

"That the defendant, Max Leon, had full notice and knowledge with relation to said compromise agreement and plaintiff's rights thereunder, yet

notwithstanding such fact and in collusion with his co-defendants, the defendant Max Leon negotiated with and or about July 22, 1950, and accepted delivery from said defendants, John V. Powell and Lillian E. Powell, of a deed to the said real estate hereinbefore described at a figure far below the actual value of said real estate and for the purpose and with the intention of causing the said defendants, John V. Powell and Lillian E. Powell, to breach their said compromise agreement with the plaintiff.

"WHEREFORE the plaintiff prays that his said compromise agreement with the defendants, John V. Powell and Lillian E. Powell, be specifically enforced against the defendants; that any rights and interests of the defendant, Max Leon, claims to have and hold against or to said real estate be decreed for naught as against the plaintiff; that plaintiff have such other relief as he may be found entitled to and that he recover his costs herein."

Appellee, Max Leon, in support of the ruling on the demurrer in his favor first argues he challenged the amended petition by motion to make it definite and certain, that appellant successfully resisted his motion and that such petition thereafter must be strictly construed against appellant, citing *State Highway Comm. v. American Mut. Liability Ins. Co.*, 146 Kan. 187, 70 P. 2d 20. That is the general rule and it frequently has been stated. The rule, however, has no application where a pleading, or such part thereof as is attacked by such a motion, is sufficient and the motion is properly overruled. In other words, a pleading is not rendered subject to strict construction on demurrer by reason of a previously overruled unmeritorious motion. (*Henderson v. National Mutual Cas. Co.*, 164 Kan. 109, 187 P. 2d 508.) If the rule were otherwise an adverse party might always obtain a strict construction of a pleading by attacking it with a wholly frivolous motion. Manifestly such a result was never intended by the strict construction rule.

Without analyzing the various parts of appellee's motion it is sufficient to say it was sustained in part and overruled in part. That part of the motion which was overruled and relative to which appellee contends the amended petition must be strictly construed sought to have appellant state whether the trust agreement and the subsequently alleged compromise agreement were oral or in writing.

But of what concern were those facts to appellee? We know of none as will presently appear. In any event for purposes of this particular case we may assume those two agreements were oral as appellee contends they now should be construed in the light of his motion.

Appellee was not a party to either of the mentioned agreements and had no right, title or interest in the property at the time they

were made. Under the allegations of the petition he had full knowledge of the alleged original trust agreement and was fully informed of the dispute resulting therefrom whatever the nature or character of the dispute may have been. He had "full notice and knowledge" of the subsequent compromise agreement between the parties to reconvey the property to the appellant (grantor) for the purpose of settling their dispute. With that knowledge he sought to and did intermeddle in the transaction with the result that he succeeded in persuading the two other defendants to violate their compromise agreement to reconvey the property to appellant. By means of his intermeddling conduct and influence he obtained a deed to the property at a figure far below its actual value.

The foregoing facts are admitted by appellee's demurrer. Appellee argues the trust agreement and the subsequent compromise agreement were oral and violate the statute of trusts, G. S. 1949, 67-401, which reads:

"No trust concerning lands except such as may arise by implication of law shall be created, unless in writing signed by the party creating the same, or by his attorney thereto lawfully authorized in writing."

Appellant contends the fact these instruments were oral is of no concern to appellee, a third party. Neither the statute of frauds nor the statute of trusts was designed to operate as a vehicle for the promotion of injustice but as a means of preventing fraud. Oral agreements concerning lands are not inherently illegal. The parties thereto may consummate them if willing to do so. Such agreements are vaild for all purposes except as a basis for an action to enforce them between the parties thereto. (*Weld v. Weld,* 71 Kan. 622, 624, 81 Pac. 183.) The statutes of frauds and trusts concern only the parties to a contract and their privies. (*Kindig v. Richardson,* 108 Kan. 218, 219, 194 Pac. 920.) In this state the fact a contract must be in writing in order to be enforceable, as between the parties, is of no concern to a third and intermeddling party and cannot be invoked by him for his benefit. (*Vaught v. Pettyjohn & Co.,* 104 Kan. 174, 178 Pac. 623; *Kindig v. Richardson,* supra, p. 219; *Rice v. Randolph,* 111 Kan. 73, 78, 206 Pac. 314; *Hirt v. Bucklin State Bank,* 153 Kan. 194, 198, 109 P. 2d 171; see, also, anno. on statute of frauds in 84 A. L. R., 43, 49.) Third parties whose intermeddling is the sole cause of frustrating the consummation of such oral contract are liable in damages to an injured party. (*Vaught v. Pettyjohn & Co.,* supra.)

Appellee next asserts the compromise agreement is unenforceable in that no consideration is alleged therefor. If a person desires to make a gift of real estate to another the transaction is not inherently illegal. The question of the enforceability of an oral agreement, as between the parties, to give real estate to one of them without a consideration is not here involved. We know of no sound theory upon which the fact that there is no consideration for such a gift can concern an intermeddler when he, with full understanding of the voluntary transaction, induces another to breach his agreement.

Moreover by virtue of the averments in the instant petition we are not at liberty to say the agreement to convey was a mere gift or without consideration. It is expressly alleged that after the death of Sarah E. Powell (one of the grantors) a dispute arose between W. A. Powell (the remaining grantor) and the grantees, relative to the rights and ownership of W. A. Powell in and to the real estate. It is further stated a compromise agreement was entered into between them whereby it was agreed that in order to effectuate a full and complete settlement of all disputes and differences between them, the grantees would reconvey the property to W. A. Powell, the instant appellant.

During the oral argument we were informed by counsel for appellee that Sarah E. Powell was the former wife of W. A. Powell and that defendants, John V. Powell and Lillian E. Powell, were appellant's son and daughter-in-law.

The terms of the trust were oral. Precisely what the claimed rights of the respective parties under the trust agreement were or concerning what portion, or portions, thereof a dispute arose is not disclosed and the petition was not motioned in that respect. The important admitted facts, however, are that the parties disagreed with respect to their rights under the trust agreement and desired to, and decided to, settle "all disputes and differences" by compromising their claimed rights.

A compromise settlement of disputes and differences pertaining to alleged interests or rights in land implies a mutual surrender of some claimed interest or right therein and is not lacking in consideration to support it. Parties, especially within a relationship such as the instant one, frequently prefer to forego, to surrender certain rights rather than litigate concerning them and promote estranged relations thereby. To say such a compromise settlement

is without consideration is neither realistic nor legally sound. (*Dendy v. Russell*, 67 Kan. 721, 74 Pac. 248; *Reed v. Kansas Postal Telegraph & Cable Co.*, 125 Kan. 603, 264 Pac. 1065, 57 A.L.R. 275; *Snuffer v. Westbrook*, 134 Kan. 793, 795, 8 P. 2d 950; *Sinclair Refining Co. v. Vaughn*, 135 Kan. 82, 84, 9 P. 2d 995; *French v. French*, 161 Kan. 327, 331, 167 P. 2d 305.)

Of course, an agreement merely to do or the actual doing of that which a person is already bound to do does not constitute a sufficient consideration for a new promise. (See *Cron v. Zimmerman*, 160 Kan. 78, 80, 159 P. 2d 400, in which various cases involving consideration are distinguished.)

The demurrer of Max Leon, the third party, was erroneously sustained and the ruling is reversed.