## YARBER v. IGLEHART et al.

### No. 14742.

Court of Civil Appeals of Texas.
Dallas.

Nov. 20, 1953.

Rehearing Denied Jan. 15, 1954.

James W. Hughes, Dallas, for appellant.

Curtis E. Hill and Dwight L. McCormack, Dallas, for appellees.

DIXON, Chief Justice.

On motion for rehearing the opinion handed down in this case on Nov. 20, 1953 is withdrawn and the following is substituted therefor:

This is an appeal from a summary judgment in favor of appellees, who were defendants in the trial court.

Appellant Robert A. Yarber, a licensed real estate broker, filed this suit against appellees B. K. Jones, owner and seller of a certain house and lot, R. M. Iglehart, purchaser of the real estate, and Mr. and Mrs. John G. Bookout (son-in-law and daughter of Iglehart), who moved into and have occupied the property as their residence since Iglehart bought it. Appellant sued for his real estate commission and in the alternative for damages for the tort of fraudulent interference with his oral listing contract with Jones, the owner. The latter action is brought against Iglehart and in the alternative on the grounds of conspiracy against all the appellees.

Here is a summary of the material parts of appellant's petition: He had an oral listing agreement with Jones under which he would be paid a commission for securing a purchaser for a lot including a house built, owned, and offered for sale by Jones known as 6807 Glendora Street, Dallas, Texas; at the time he obtained the listing, he was undertaking at the request of the appellees, including Iglehart, to find a house for the Bookouts; he showed the Jones house and lot several times to the Bookouts; appellee Iglehart, father of Mrs. Bookout, thereafter contacted Jones directly, purchased the house for the benefit of the Bookouts, but in his own name for the fraudulent purpose of by-passing appellant, thereby depriving appellant of the commission he would have been paid by Jones.

Appellees' motions for summary judgment were sustained and judgment entered that appellant take nothing. Appellant has appealed asking that the judgment be

reversed and the case remanded for trial on its merits.

It is obvious that under no theory of the case is appellant entitled to judgment against appellee Jones. His pleadings allege an oral listing contract between appellant, a real estate agent, and appellee Jones, the owner of the property which was sold. Since the listing contract, if there was one, was not in writing it was not enforceable against Jones. Art. 6573a, § 22, V.R.C.S. Therefore Jones committed no actionable wrong in contract or in tort in refusing to perform the alleged oral contract. Magnolia Petroleum Co. v. Dubois, Tex.Civ.App., 81 S.W.2d 157 (writ ref.). The trial court properly sustained the motion for summary judgment in favor of Jones.

However appellant's case against the appellees Iglehart and the Bookouts rests on an entirely different basis, and involves an entirely different issue of law. Is a party liable for damages in tort on the grounds of wrongful interference if he purposely and fraudulently causes a party to a contract not to perform his agreement, though the breached contract may not be enforceable as between the parties thereto because of the statute of frauds? That is the main law question involved in this case as to the appellees Iglehart and the Bookouts.

In Texas there is a difference in the expressed opinions of our Courts of Civil Appeals. Two cases hold there is no liability under such circumstances. Davidson v. Oakes, 60 Tex.Civ.App. 269, 128 S.W. 944 (no writ history); Little v. Childress, Tex.Civ.App., 12 S.W.2d 648. The judgment in the latter case was affirmed by our Supreme Court (Tex.Com. App., 17 S.W.2d 786), but the Supreme Court in its opinion does not discuss the point, and so far as we have been able to ascertain, did not otherwise pass on it. A contrary view was expressed in Richardson v. Terry, Tex.Civ.App., 212 S.W. 523, 525: "And that the contract was obnoxious to the statute of frauds, as urged in this case by appellees, would not relieve the parties so interfering. 15 R.C.L. pp. 61, 62, §§ 21, 22." However the court in the last styled case then held in favor of the appellee because the performance of the breached contract was optional for another reason.

In our opinion the correct rule is that if a person with knowledge and fraudulent intent induces a party to breach his contract with another, such person is liable in damages though the breached contract may be unenforceable as between the contracting parties because of the statute of frauds. Richardson v. Terry, supra; Powell v. Leon, 172 Kan. 267, 239 P.2d 974; Schlesinger v. Rice, 4 N.J. 169, 72 A.2d 197; Bitzke v. Folger, 231 Wis. 513, 286 N.W. 36; Kamm, Inc. v. Flink, 113 N.J.L. 582, 175 A. 62, 99 A.L.R. 1; Vaught v. Jonathan L. Pettyjohn & Co., 104 Kan. 174, 178 P. 623; Krigbaum v. Sbarbaro, 23 Cal.App. 427, 138 P. 364; Skene v. Carayanis, 103 Conn. 708, 131 A. 497; Jackson v. Stanfield, 137 Ind. 592, 37 N.E. 14, 23 L.R.A. 588; Duckett v. Pool, 23 S.C. 238, 11 S.E. 689.

We think our holding is sound for two reasons:

First, it is well settled that the statute of frauds may not be invoked by a stranger to the contract. McManus v. Matthews, Tex.Civ.App., 55 S.W. 589 (writ ref.); 49 Am.Jur. 896, Secs. 588, 589; p. 898, Secs. 590, 591. An oral contract is not void, illegal, or inherently wrong because it fails to conform to the requirements of the statute of frauds. Hutchings v. Slemons, 141 Tex. 448, 174 S.W.2d 487, 148 A.L.R. 1320. The statute establishes a rule of evidence, which is personal to the person to be charged under the terms of the contract. Simmons v. Ratliff, Tex. Civ.App., 182 S.W.2d 827 (error ref.). He may avail himself of it or not, as he elects; but it does not rest with others—strangers to the contract—to say that the parties will not abide by their agreement regardless of the statute of frauds. We think it is common knowledge that many unenforceable oral contracts are honored and

performed by the parties though one of the parties to the contract could not be required in court to perform his agreement.

■ Second, the law abhors fraud. The statute of frauds itself was enacted to prevent fraud. It was not intended that it should be used as a shield or protection to one guilty of fraud, or as a means of perpetrating a fraud. 49 Am.Jur. 898, Sec. 590. "It has always been a peculiar province of the courts to grant relief against fraud, and * * * they should afford relief against fraud wherever it may appear or whatever guise it may assume." 37 C.J.S., Fraud, § 62, p. 351. Under some circumstances equity even goes so far as to extend relief to the contracting parties themselves on the grounds of fraud, though their contract may come within the statute. Halsell v. Scurr, Tex.Civ.App., 297 S.W. 524 (writ dis.).

In the light of our holding as to the applicable law in this case, it is necessary for us to review the record to determine whether there are fact issues present which entitle appellant to a trial on the merits. First, is there a fact issue as to whether appellant and appellee Jones entered into a verbal listing agreement which would have been enforceable except for the statute of frauds? Further, are there fact issues as to whether appellant was the procuring cause of the sale of Jones' property, and whether appellees purposely and fraudulently induced Jones to breach his oral listing contract with Yarber?

The record is in a regrettably confused state. It contains a written stipulation dated Oct. 9, 1953 entered into by all the parties providing that the depositions in the case, which had not been forwarded to this Court as ordered by the trial court, might be filed here by Oct. 15, 1953, though that date was subsequent to the submission date. On Oct. 14, 1953 two sets of depositions were filed in the Court of Civil Appeals. Under one cover are the depositions of appellant Yarber and his employee Dawson Smith, Jr. Under separate cover are the depositions of the four appellees.

Appellees have filed a written motion asking that they be allowed to withdraw their stipulation. They say that the stipulation was not intended to cover the depositions of Yarber and his employee Smith, for the said depositions were not introduced into evidence and were not part of the record presented to the trial court for his consideration in passing on the motion for summary judgment. It is their contention that the said depositions are in the record through a mistake of fact, and should not be taken into consideration by this Court in deciding this appeal.

The question has become a matter of importance because a full development of the facts is not presented by the record if the questioned depositions are excluded.

Appellant, as might be expected, takes a contrary view and insists that the depositions in question are properly part of the record before us.

■ We overrule appellees' motion to withdraw the stipulation. But the stipulation itself is so general in its terms and was entered into at such a late date, that we cannot say what it was intended to cover. The confused state of the record indicates that there probably was not a full development of the facts before the trial court. This being a summary judgment we think that in the interests of justice a proper adjudication of this case is impossible until the facts have been more fully developed and the record clarified either at another hearing on the motion for summary judgment, or at a trial on the merits. King v. Rubinsky, Tex.Civ. App., 241 S.W.2d 220; Bridgeport Brass Co. v. Bostwick Laboratories, 2 Cir., 181 F.2d 315; Stevens v. Howard D. Johnson Co., 4 Cir., 181 F.2d 390.

The judgment of the trial court is affirmed as to the appellee Jones. As to the appellees Iglehart and the Bookouts the judgment is reversed and remanded for further proceedings not inconsistent with this opinion.