(636 P.2d 178)

No. 52,271

Kenneth I. Speer, *Plaintiff-Appellee,* v. City of Dodge City, Kansas, a municipal corporation, and James Kemper, *Defendants-Appellants.*

Opinion filed November 13, 1981.

*Douglas B. Myers,* of Dodge City, for appellant City of Dodge City.

*David H. Snapp* and *Harry A. Waite,* of Dodge City, for appellant James Kemper.

*David L. Patton,* of Patton & Kerbs, of Dodge City, for the appellee.

Before Foth, C.J., Abbott and Parks, JJ.

Parks, J.: Plaintiff Kenneth I. Speer brought this action to recover damages for conversion of personal property. The trial court entered judgment for $16,641 actual damages and $1,500 punitive damages against defendant City of Dodge City and $555 actual damages against defendant James Kemper. Both defendants appeal.

In May 1978, the governing body of Dodge City sought to clean up a vacant lot owned by Everett Kemper and his son, James. The City passed a resolution attempting to condemn personal property on the land and to compel its repair or removal as unsafe or dangerous. The personal property consisted of house moving equipment and three old motor vehicles previously used by

Everett Kemper in his house moving business. Most of the machinery was inoperable although it had considerable salvage value.

The City acknowledges that the condemnation proceeding was attempted without proper statutory authority and was ineffective. Nevertheless, in July 1978, it began removing and destroying the equipment over the objections of Everett Kemper. James Kemper consented to the City's removal of the property, although he had no interest in the equipment. He also knew his father had sold some of the equipment but he did not know to whom or what property had been sold.

During the removal process undertaken by the City, it was learned that in July 1976, Everett Kemper had sold the three vehicles and house moving equipment to Kenneth Speer with the understanding that Speer could store the items on Kemper's land. The City contacted Speer by mail and instructed him to remove his property and then continued to remove or destroy the remaining items. Speer filed a claim against the City and subsequently filed this conversion action against both Dodge City and James Kemper.

Shortly thereafter, Everett Kemper died and James sold the old tools and furniture he found in his father's house. Among the property sold were several Simplex house moving jacks which had been included in the property sold to Speer.

James Kemper and the City were found liable for the conversion of Speer's personal property and both defendants appeal.

We turn first to the arguments of the City. Dodge City contends that it should not have been liable for conversion because it had no knowledge of Speer's ownership of the property. A conversion is an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another. *Temmen v. Kent-Brown Chev. Co.*, 227 Kan. 45, Syl. ¶ 2, 605 P.2d 95 (1980). The intent required is simply to use or dispose of the goods, and the knowledge or ignorance of the actor as to their ownership has no influence in deciding the question of conversion. *Nelson v. Hy-Grade Construction & Materials, Inc.*, 215 Kan. 631, 634, 527 P.2d 1059 (1974). Since knowledge of the converted property's ownership is not an element of the tort, the City's argument concerning constructive knowledge and its elements is without merit.

Additionally, the City acknowledges that it proceeded under an inappropriate ordinance in attempting to clean up the Kemper property, thus its actions may not be justified as a lawful exercise of police power.

Relying on *Melton v. Prickett,* 203 Kan. 501, 456 P.2d 34 (1969) and K.S.A. 8-135, the City contends that because the motor vehicles were sold without certificates of title, the sales were unlawful and void. The vehicles involved here are of a type classified as non-highway vehicles under K.S.A. 8-197(*b*)(2). These vehicles are exempt from registration under K.S.A. 1980 Supp. 8-135 although their transfer must be accompanied by a non-highway certificate of title. K.S.A. 1980 Supp. 8-198. Transfer or sale of a non-highway vehicle without such a certificate is a misdemeanor, but only the seller is subject to criminal prosecution. K.S.A. 1980 Supp. 8-199. This statute is thus significantly different from K.S.A. 1980 Supp. 8-135(*c*)(7) which makes the sale of a motor vehicle without a certificate of title illegal and which subjects both the seller and the buyer to criminal prosecution. K.S.A. 1980 Supp. 8-199 does not render the sale itself void as is evidenced by subsection (*d*) which indicates that sales tax must still be paid on the sale even though the seller has transferred title without a certificate. We therefore conclude that the seller's allegedly unlawful conduct in transferring these vehicles does not provide the City with a defense to the conversion.

The City's final argument is that the trial court erred in imposing punitive damages against it. In *McHugh v. City of Wichita,* 1 Kan. App. 2d 180, Syl. ¶ 2, 563 P.2d 497, *rev. denied* 223 Kan. clxxi (1977), this court held that absent legislative pronouncement to the contrary, municipalities are not liable for punitive damages. Supportive of the holding in *McHugh* is *Newport v. Fact Concerts, Inc.,* _____ U.S. _____, 69 L.Ed.2d 616, 101 S.Ct. 2748 (1981), in which the United States Supreme Court decided that the city's failure to object to the charge at trial did not foreclose the Court's review of the punitive damage issue and held that a municipality is immune from punitive damages. The Court went on to say that considerations of public policy do not support exposing a municipality to punitive damages for the malicious or reckless conduct of its officials. Neither the retributive nor the deterrent objectives of punitive damages would be

significantly advanced by holding municipalities liable for such damages. In view of *McHugh* and *Newport,* we hold that the trial court erred in awarding the $1,500 judgment for punitive damages against the City.

We turn now to the issues raised in Kemper's appeal. Initially, Kemper argues that the trial court should have dismissed the claim against him because the petition did not allege a sufficient interference with the plaintiff's ownership to constitute a conversion. It is true that a mere assertion of ownership of personal property without some actual interference with the owner's right of possession, does not constitute a conversion of the property. *Desbien v. Penokee Farmers Union Cooperative Association,* 220 Kan. 358, Syl. ¶ 5, 552 P.2d 917 (1976). However, in pleading a matter, all that is required by statute to state a sufficient claim for relief is to give (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which the pleader deems himself to be entitled. K.S.A. 60-208. See *Kennedy v. City of Sawyer,* 228 Kan. 439, 447, 618 P.2d 788 (1980). The amended petition alleged interference with the ownership of plaintiff's property when it stated that Kemper, without authority, advised the City that the property could be removed and that as a result of such advice the City removed and destroyed the property. Liberally construed, the amended petition stated a claim for conversion against Kemper and the City.

Kemper also claims that the variance between the initial charge of facilitating the City's conversion and the ultimate finding that Kemper personally converted property was a fatal flaw in the proceedings. The evidence concerning the Simplex jacks was elicited without objection by Kemper. The testimony revealed that Speer had purchased the jacks from the elder Kemper and that James Kemper had sold them after his father's death. No motion was made to amend the pleadings to conform to this proof of affirmative conversion although the finding of the court was that a conversion took place.

K.S.A. 60-215(*b*) provides that when issues not raised in the pleadings are tried with the express or implied consent of the parties, the pleadings will be regarded in support of the judgment entered, as having been amended to conform to the proof providing no injustice or disadvantage is thereby occasioned to the

opposing party. *Schreppel v. Campbell Sixty-six Express, Inc.,* 201 Kan. 448, Syl. ¶ 3, 441 P.2d 881 (1968). See also *Kiser v. Gilmore,* 2 Kan. App. 2d 683, 689, 587 P.2d 911 (1978), *rev. denied* 225 Kan. 844 (1979). In view of his failure to object to the evidence concerning the jacks, Kemper cannot be said to have been prejudiced or disadvantaged. We conclude that the pleadings have been enlarged by consent of the parties and are regarded as amended to conform to the proof.

Next, Kemper complains that the contract for sale between Speer and his father was unenforceable because it was not in writing and that, thus, the court should not have recognized Speer as the owner of the jacks. The statute of frauds concerns only the parties to a contract and their privies, and the fact that the contract must be in writing in order to be enforceable as between the parties is of no concern to a third party and cannot be invoked by him for his benefit. *Powell v. Powell,* 172 Kan. 267, 270, 239 P.2d 974 (1952). Accordingly, this complaint is without merit.

Kemper finally argues that there was insufficient evidence of a taking to constitute conversion. Clearly, the evidence that Kemper sold property owned by another established a sufficient exercise of control to support the court's finding. We conclude that this argument must also fail.

Judgment is affirmed as to the award of $16,641 actual damages against the defendant City and actual damages of $555 against defendant Kemper. Judgment is reversed as to the award of punitive damages against the City of Dodge City.