## B. F. STOUT V. H. L. ENNIS.

1. CONTRACT *Against Public Policy.*   A contract made in Ohio, prior to a nominating convention and an election, which was in substance that, if the plaintiff would support the defendant for nomination and election to the office of auditor of Henry county, Ohio, the defendant would, if nominated and elected to such office, employ the plaintiff as his deputy during the term of such office, is illegal and void, being in contravention of public policy.

2. CONTRACT *Not Necessarily Void.*   A contract made in Ohio, after the defendant had been both nominated and elected to the office of auditor of Henry county, Ohio, which was in substance, that the defendant would employ the plaintiff as his deputy for the term of three years and during his term of office, and would pay to the plaintiff for his services one-half of the net salary and fees of the office, is not necessarily illegal or void.

3. ———— The two contracts above mentioned not appearing to have any necessary connection with each other, and it not appearing that the second is founded upon the first, *held,* that the first will not necessarily render the second illegal or void.

4. CONTRACT, *When Void—When Valid.*   A parol contract not to be performed within the space of one year is not necessarily void for all purposes under § 6 of the statute for the prevention of frauds and perjuries. It is generally void for the purpose of bringing an action upon it; but it. may be valid for the purpose of being a consideration for some other contract which is put in writing, and signed by the parties to be charged therewith.

5. CONTRACT, *Valid Upon Face.*   E. executed the following contract in writing, to wit: "For a valuable consideration, I hereby agree to pay to O., for the benefit of S., seven hundred dollars, as follows: One hundred dollars one year from date; two hundred dollars two years from date; four hundred dollars three years from date, and the last specified sum to bear interest at the rate of 6 per cent. per annum from date. This agreement to be void at the death of either S. or E.—November 20, 1878.—Napoleon, Ohio.—E." *Held,* That the above contract is valid upon its face; and *further held,* that although the rescission of the contract mentioned in the second paragraph of this syllabus may have been the consideration for the contract above quoted, yet that the contract above quoted may nevertheless be valid.

### Error from Harvey District Court.

DECEMBER 12, 1881, the plaintiff filed the following petition in the district court of Harvey county, to wit:

"The plaintiff, B. F. Stout, complains of the defendant, H. L. Ennis, and for cause of action says:

"That during the year 1878, the plaintiff was auditor of the county of Henry, in the state of Ohio; that the defendant was a candidate in the democratic party for the nomination for that office, and that the defendant then and there agreed that if the plaintiff would support him for the nomination and not be a candidate for the same office himself, he, the said defendant, would, if nominated and elected to the said office, employ this plaintiff as his deputy and clerk during the term of said office.

"That the defendant was nominated and elected, and duly qualified as said auditor, and did thereupon enter into and make a contract with the plàintiff, by the terms of which he agreed to make this plaintiff his deputy and clerk for the term of three years, for which he promised and agreed to pay the plaintiff one-half of the net salary and fees of said office.

"That afterward, to wit, on the — day of —— 1878, the defendant, being desirous of rescinding his said contract, proposed to this plaintiff that if he, plaintiff, would agree to and would rescind said contract, he, the defendant, would pay him the sum of $700 as stipulated damages, at the time and in the manner following, to wit: $100 November 20, 1879; $200 November 20, 1880; and $400 November 20, 1881. That plaintiff thereupon, and in consideration of said sum of $700 so as aforesaid to be paid, agreed to and did rescind said contract; and that thereupon the defendant executed and delivered to L. L. Orwig, as trustee for this plaintiff, the following instrument in writing, to wit:

"'For a valuable consideration, I hereby agree to pay to L. L. Orwig, for the benefit of B. F. Stout, $700, as follows: $100 in one year from date; $200 two years from date; $400 three years from date, and the last specified sum to bear interest at the rate of six per cent. per annum from date.

"'This agreement to be void at the death of either Stout or Ennis.

"'November 20, 1878. — Napoleon, Ohio.                H. L. Ennis.'

"That a copy of said contract is hereto attached, marked 'Exhibit A,' showing the erasures thereon; that defendant has made the following payments on the same, to wit, $100 one year from date, $200 two years from date. That said payments were made when due, and the defendant obliterated the words at the times of making payments by various marks made thereon by him with pen and ink.

"That defendant, though often requested, has refused and still refuses to pay the said sum of $400, last due as above set forth, or any part thereof.

"That plaintiff and defendant were at the times herein referred to both members of the same political party, and in every way fully qualified to perform the duties of the office of auditor.

"That by reason of the foregoing, plaintiff is entitled to recover of defendant the said sum of $400, with interest thereon at six per cent. per annum from the 20th day of November, 1878.

"Wherefore plaintiff, B. F. Stout, prays judgment against said defendant, H. L. Ennis, for the sum of $400, and interest thereon at six per cent. per annum from November 20, 1878, and for costs of this action."

The defendant demurred to this petition, upon the ground that it did not state facts sufficient to constitute a cause of action, and the court below sustained the demurrer and rendered judgment for costs against the plaintiff; and to reverse such ruling and judgment, the plaintiff has filed his petition in error in this court.

*Ady & Brown*, for plaintiff in error:

We frankly admit that the contract entered into prior to the election was absolutely void. But it does not follow that all derivative contracts are void because the initiatory one was void. (*Rogers v. Waller*, 3 Hayw. 205.) The contract hiring plaintiff as clerk and deputy was not made until after the plaintiff was duly elected and qualified. Defendant then made "a contract with this plaintiff, by the terms of which he agreed to make this plaintiff his deputy and clerk for the term of three years, for which he promised and agreed to pay the plaintiff one-half of the net salary and fees of said office." Later on, he proposed to plaintiff, that if he would rescind this contract, he would pay him $700 in the time and manner specified in the note sued on.

This note was not given for services rendered in electing plaintiff to office. If it had been, there would be no doubt of its illegality. But it was given in consideration of plaintiff's agreement to rescind a contract fairly made after the election was over. Courts are not anxious to overturn contracts. The court will not presume that services rendered

at the election solely induced defendant to hire plaintiff. The illegality of a contract must be shown, not suspected. (8 Kas. 332.)

A contract, part of which is repugnant to law and against public policy, may be divided, and the part not being so may be enforced. (McCahon, 21. See also 1 Pars. on Cont., 3d ed., 364–5.)

If our contract is not dependent on the illegal one, it is good and valid. The test of this dependence is said to be: Whenever the plaintiff can make out his case without showing the illegal contract, he may recover, even though the contract sued on be remotely connected with the illegal one. (2 Wall. 70; Story on Agency, 348*n*; 17 Am. Rep. 13, 14.)

It was also said in the court below, that the second contract is void under the statute of. frauds, because it is oral, and not to be performed within one year. This is a misconception of the effect of the statute. It merely recites the evidence necessary to be offered to sustain an action at law upon a contract. (13 Pick. 1.)

"A contract which comes within the statute of frauds is not entirely void. It is valid for all purposes, except sustaining an action at law for its breach, or a suit in equity for its enforcement." (*McCampbell v. McCampbell*, 5 Litt. 92. See also 4 Denio, 51.)

If the parties have made a new contract extinguishing it, the court will not molest such new contract.

Such contracts are morally, if not legally, binding, and if in any part executed, they are legally binding also. (18 Me. 12; 15 Mass. 85.)

A contract, not to be performed within a year and not in writing, cannot be enforced. But we are not seeking to enforce such a contract. Our action is on a contract *in writing*, given, to say the worst, in settlement of a doubtful claim. Such a claim is a good consideration for a contract, and, when the amount to be recovered has been agreed upon, a court will not reopen it and inquire into the merits and demerits of the claim. (Hilliard on Cont. 263; 1 Pars. on

Cont., 3d ed. 364–5; 2 Bibb, 448; 1 Watts, 163; 2 Cush. 26; 6 T. B. Mon. 91.)

*A. R. Scheble*, for defendant in error:

The first paragraph or count of the petition recites a contract, which is admitted to be bad. It was entered into for the purpose of improperly influencing an election. It is contrary to public policy, corrupt, immoral, and therefore void. Such a bargain cannot be enforced in law, because of its inherent turpitude; because it is alike corrupt and corrupting, and destructive of public virtue. It is a matter of indifference whether such a contract goes to render elections corrupt and impure, or merely primaries or nominating elections or conventions; the same principles of public policy apply to make it void. (*Swayze v. Hull*, 14 Am. Dec. 399, and note; *Gaston v. Drake*, [14 Nev. 175] 33 Am. Rep. 548; 43 N. Y. 147.)

We urge that the second contract is equally null and void. It is the legitimate offspring of the first contract. It is a further move to carry into effect the bargain embodied in the first; a part and parcel of the same transaction, and the plaintiff so pleads it. He says that "the defendant was nominated and elected and duly qualified, and did thereupon enter into and make a contract," etc., thus tracing the lineage of this contract directly from the first, carrying with it all the turpitude of the former.

Plaintiff contends that because the second contract was made after the election, therefore it is not bad. This cannot be true under the attending circumstances. It is shown to be but a fulfillment, or an attempt to fulfill, the terms of the first, made before the election. Can it be urged with reason that these parties, after the election, in pursuance of their original bargain, could purge the whole affair from the contamination of their original design and purpose, by merely determining the period of such deputyship and the salary? We think not. The second contract is not an independent contract, founded on a new consideration. Its very consid-

eration — the very cause which induced the parties to enter
into it — was the first contract, and hence it is equally illegal,
immoral and void.   For a very clear exposition of this doc-
trine, see *Outon v. Rodes*, 3 A. K. Marsh. 432; 13 Am. Dec.
193–5; *Sharp v. Tees*, 4 Halst. 352; 17 Am. Dec. 479; *Wood-
worth v. Bennett*, 43 N. Y. 273; 3 Am. Rep. 706.

The second contract being equally bad, the promise to pay
$700 for its rescission cannot be enforced. (15 Kas. 157; 20
id. 220; 8 id. 601–607.)

"A contract will not be enforced which grows immediately
out of or is connected with an illegal or immoral act; and if
the contract be in part only connected with the illegal trans-
action, though it be a new contract, it is equally tainted." (20
Ill. 215.)

Applying this test to the contracts before us, it will be seen
that all of them are such as will not be enforced by courts of
justice.   The second is based upon, grows out of, and is im-
mediately connected with the first, and the third is for a re-
scission of the second.   Thus the whole transaction from first
to last is fatally tainted, and the court will leave the parties
where it finds them.

In *King v. Winants*, 17 Am. Rep. 11–15, Read, J., says:
"The courts will not lend their aid to enforce contracts
founded upon considerations immoral or against public pol-
icy."   See also 2 Ired. 20; 11 Wheat. 258; Story on Agency,
§ 348, note; 25 Conn. 400.)

"An engagement to forfeit a certain sum of money in case
of failure to perform another engagement, which within the
statute of frauds could not itself be enforced, cannot be en-
forced by the party to whom it is made." (Browne on Frauds,
§ 134, citing 2 Root, 498, and 15 Johns. 503.)

The opinion of the court was delivered by

VALENTINE, J.: This action was brought by B. F. Stout
against H. L. Ennis, to recover the sum of $400, alleged to
be due on the following instrument in writing, to wit:

"For a valuable consideration, I hereby agree to pay to

L. L. Orwig, for the benefit of B. F. Stout, $700, as follows: $100 one year from date; $200 two years from date; $400 three years from date, and the last specified sum to bear interest at the rate of six per cent. per annum from date.

This agreement to be void at the death of either Stout or Ennis.— November 20, 1878. — Napoleon, Ohio.

H. L. ENNIS."

The sole question involved in this case is, whether this instrument in writing is valid, or not. *Prima facie*, it is legal and valid, and founded upon a sufficient consideration; and before we can hold that it is illegal or invalid or not founded upon a sufficient consideration, its illegality or invalidity or want of consideration must be made to affirmatively appear by something outside of the instrument itself, something extrinsic thereto.    Is there anything in the case showing affirmatively that this instrument is not legal, or not valid, or not founded upon a sufficient consideration?

It appears from the petition in the case that the plaintiff and defendant entered into three separate contracts, at three different times.    The first contract was, in substance, that if the plaintiff would support the defendant for nomination and election to the office of auditor of Henry county, Ohio, that the defendant would, if nominated and elected to such office, employ the plaintiff as his deputy during the term of such office.    Such contract was of course illegal and void, being in contravention of public policy.

The second contract was made after the election, and after the defendant had been both nominated and elected to such office.    This contract was, in substance, that the defendant would employ the plaintiff as his deputy for the term of three years, and would pay to the plaintiff for his services one-half of the net salary and fees of the office.    Now this contract is not necessarily illegal or void.    It was not a sale or a "farming" of the office within the meaning of the decision in the case of *Outon v. Rodes,* 3 A. K. Marshall (Ky.), 432; 13 Am. Dec. 193.    There is no pretense that the defendant was to abandon the office, or to give it up to the plaintiff.    The contract was simply an agreement to employ

the plaintiff as a deputy, and to give him a portion of the
fees and salary as compensation. The defendant would of
course still retain the possession and control of the office, and
the plaintiff would have nothing to do but to perform the
ordinary duties of a deputy. There is nothing inhering in
the contract itself that would render it illegal or void, and
nothing has been shown outside of the contract that would
necessarily render it illegal or void. The defendant how-
ever claims that it is void for two reasons: First, that it is
founded upon the original and illegal contract made prior to
the defendant's nomination and election; and second, that it
is void on account of the sixth section of the statute for the
prevention of frauds and perjuries. (Comp. Laws of 1879,
p. 464, § 6.) Now it is not shown that the second contract
was founded upon the first illegal contract, nor is it shown
that it has any necessary connection therewith. It is not
even shown that one was the inducement for the other. Each
might have a separate and independent existence, and either
might exist if the other had never been made. We do not
think that the first necessarily vitiates the second; and it is
certainly not shown that the first has such a necessary con-
nection with the second as to vitiate it.

As to the question with reference to the statute of frauds
and perjuries, we would say, that this contract was made in
Ohio, and not in Kansas; and it is not shown what the pro-
visions of the statutes regarding this subject are in Ohio. Of
course, the statutes of Kansas cannot vitiate a contract made
in Ohio. The contract may have been valid in Ohio, not-
withstanding the statutes of Kansas. But supposing they
have the same kind of statutes in Ohio for the government
of this class of cases as we have in Kansas: then will the stat-
utes in either state, or in both combined, render this second
contract void? We think not. The statute referred to by the
defendant does not purport to render such contracts void.
The statute, so far as it may be supposed to have any appli-
cation to this case, provides that "no action shall be brought
whereby to charge a party . . . upon any agreement

that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

It is claimed that this second contract is void because it was not to be performed within one year, and was in writing. Now there is nothing appearing in the case that shows that it was not in writing; and, as we have before stated, unless it be made to affirmatively appear that the contract sued on was illegal or void (it being *prima facie* valid), the contract sued on cannot be held to be void. Besides, when a contract is pleaded, it will usually be held to be valid, unless it affirmatively appears on the face of the contract, or by allegations in the pleading, to be invalid. But, as we have said before, the statute does not attempt to make the second contract either illegal or void, even if it was not to be performed within one year and was not in writing. All that the statute attempts with reference to this subject, is simply to enact that no action shall be brought on such a contract. The statute leaves the contract valid for all other purposes, unless it is void for some other reason than merely that it is not to be performed within one year and is not in writing. (*McCampbell v. McCampbell*, 5 Littell [Ky.], 92.) Such a contract is valid for all purposes except for the mere purpose of suing thereon. It is valid, for instance, as a consideration for some other contract. Now in the present case the plaintiff did not sue upon this second contract. He sued upon the third contract, which was "in writing, and signed by the party to be charged therewith." It will be seen that the statute of frauds and perjuries has really nothing to do with this case.

The third contract, and the one sued upon in this case, appears to be valid in every respect, and, as we think, there is nothing outside of it and nothing in the record showing it to be invalid. It is true that the rescission of the second contract is the foundation, the basis, and the consideration for

the third contract; but while it is possible that the second contract is void for the purpose of commencing an action upon it, yet it is valid for the purpose of making it a consideration for the third contract. The third contract, we think, is valid — or at least it is *prima facie* valid; and there being nothing in the case showing it to be void, it must be held to be valid. The authorities will be found cited in the briefs of counsel.

The judgment of the court below will be reversed, and cause remanded for further proceedings.

All the Justices concurring.