Note.—See under (1) 34 C. J. p. 520 §827; anno. L. R. A. 1918D, 470; 15 R. C. L. p. 839; 3 R. C. L. Supp. p. 497; 4 R. C. L. Supp. p. 1020; 5 R. C. L. Supp. p. 853. (2) 7 C. J. p. 949 §21; anno. L. R. A. 1916E, 659; 3 R. C. L. p. 741; 1 R. C. L. Supp. p. 886; 4 R. C. L. Supp. p. 215; 5 R. C. L. Supp. p. 199. (3) 28 C. J. p. 1196 §343. (4) 21 C. J. p. 107 §82. (5) 28 C. J. p. 1099 §123. (6) 34 C. J. p. 473 §741. (7) 28 C. J. p. 1196 §343.

----

## OWSLEY v. OWSLEY.

No. 17173—Opinion Filed Sept. 28, 1926.

(Syllabus.)

1. **Divorce—Ground of Adultery—Condonation by Husband.**

The wife's adultery does not warrant a divorce decree in the husband's favor where it is clear that with full knowledge of her infidelity, he has lived and cohabited with her.

2. **Frauds, Statute Of—Executed Parol Antenuptial Agreement.**

A parol antenuptial agreement which has been executed after marriage is not within the statute of frauds.

Error from District Court, Payne County; Charles C. Smith, Judge.

Action by L. C. Owsley against Bessie Owsley. Judgment for defendant, and plaintiff brings error. Affirmed.

John P. Hickam, for plaintiff in error.

Charles C. Suman, for defendant in error.

BRANSON, V. C. J. This was a divorce action. The plaintiff in error in this court was the plaintiff below. The trial court denied his prayer for relief against the defendant, Bessie Owsley. The plaintiff seeks to reverse the judgment on several grounds. The parties are referred to herein as plaintiff and defendant.

The plaintiff instituted this suit in the district court of Payne county and personal service was had upon the defendant. Omitting the jurisdictional and formal allegations, the plaintiff charges the defendant with adultery, naming the person with whom the alleged acts of adultery are alleged to have been repeatedly committed.

Plaintiff further alleges, and on which allegation he seeks affirmative relief:

"That subsequent to the marriage of plaintiff and defendant the plaintiff deeded to said defendant the following described real estate in Payne county, Oklahoma, to wit: (The description is unnecessary; it was a farm located in the county named.) Plaintiff states that he is now 69 years of age and that prior to his marriage with the defendant he had been married and that he had children by said former marriage and that at the time of his marriage to the defendant there were living three of said children by the said former marriage and that the youngest of said children was about 26 years of age. That the plaintiff desired to deed to his said children by said former marriage some real estate that he owned and that in order to make said deed the defendant insisted and required that if she signed said deed to said children for said real estate that the plaintiff make her a deed to the above-described real estate and that is the reason for plaintiff making said deed to the defendant."

Defendant answered, denying plaintiff's charges, specifically denying the charge of repeated acts of adultery on her part, and further pleading, says:

"That were such allegations true, the plaintiff has many times condoned said offense by cohabiting with her as his wife, both since and before the filing of said petition; that said plaintiff and defendant have on many and diverse occasions cohabited together as husband and wife since the filing of the petition and service of summons herein; that between the 25th day of June, 1925, and the 9th day of July, 1925, the defendant and the plaintiff cohabited as husband and wife and had sexual intercourse with each other upon six different occasions and times."

Further answering, the defendant asserts that the plaintiff induced her to divorce her former husband, he paying the expenses, and that before their marriage he had made an antenuptial agreement to convey to her the real estate above described and that after their marriage he carried out said agreement. Plaintiff's reply to the answer is in the nature of a denial of each allegation therein. There are some questions injected into this suit which we do not deem necessary to discuss.

It must be clear there are two contentions here:

First, as to the divorce. The evidence on behalf of the plaintiff was satisfactory to the mind and conscience of the trial court that the defendant, Bessie Owsley, had been guilty of acts of adultery with the party in plaintiff's petition named. The record amply justifies this conclusion on the

part of the trial court. From a reading of the testimony of the various w.tnesses the conclusion that she had committed acts of adultery was inevitable. Several letters from her alleged paramour are found in the record. They corroborate the testimony of several persons who saw the defendant go to a rooming house w.th the man in question on various occasions. The character of the letters are such as no man would write and no woman would answer unless an illicit relation existed between them.

On the other hand, the trial court finds that, with knowledge of these repeated acts of adultery, the plaintiff, Owsley, even after filing his petition in the instant case, had himself had repeated acts of intercourse with the defendant, and the court concludes as a matter of law that these repeated acts of intercourse by the plaintiff with the defendant, knowing that she had been guilty of adultery, had fully condoned the alleged offense. This finding of the trial court is sustained by the record. Howsoever reprehensible her conduct from the record appears to be, the rules of law governing the rights of the plaintiff under this state of facts are binding upon the court. A court of equity in such a situation is required to leave the parties where it finds them.

On the second proposition, it appears that the defendant had been previously married and was living with her husband in the state of Iowa. That the plaintiff herein furn'shed the expenses incurred in her suit against her husband in the state of Iowa for divorce, and that he induced her to come to Oklahoma and marry him within a few days after the divorce was granted from her former husband in the state of Iowa; that they had an oral understanding prior to their marriage that he would convey to her the tract of land as a property settlement. They were married on the 17th day of May. The deed in question was executed on the 26th day of June thereafter. It conveyed to the defendant the land above mentioned, reserving to the plaintiff—

"for his use and benefit during his natural life a life estate in and to said premises above described, with the full right to use said premises in any way that he may see fit, to take the rents and benefits therefrom and agrees to pay the taxes thereon during the continuance of his life estate. * * *"

The deed further reserves all the oil and gas rights during his l'fetime in said land. The contention is made on behalf of the plaintiff in error that this alleged antenuptial agreement was not in writing and

therefore within the statute of frauds; that in reality said conveyance was made because of the confidence, love, and affection he reposed in her as his wife, which confidence, love, and affection she had abused and betrayed, and that under the rule of certain cases cited the said deed should have been vacated. Thomas v. Thomas, 27 Okla. 784, 109 Pac. 828; Holt v. Holt, 23 Okla. 639, 102 Pac. 187.

On the other hand, the defendant contends that, while this property was conveyed carrying out the oral agreement between the parties before the marriage, that when the deed was made in pursuance thereof the alleged contract became executed. Under such circumstances we think the rule announced in Elliott on Contracts, vol. 2, sec. 1252, is controlling:

"An antenuptial contract which has been fully executed is not w'thin the statute. Thus where in consideration of marriage the husband agreed that he would have the wife named one of the beneficiaries of a certain certificate of insurance held by him and the marriage was solemnized and the change in the beneficiary made, this was a performance which took the agreement out of the statute."

In the case of Supreme Lodge K. of P. v. Ferrel & Stanley et al. (Kan.) 112 Pac. 155, it is said:

"In an action by a widow to maintain her rights derived through the execution of a parol antenuptial contract of marr'age the contract being executed by both parties thereto the statute of frauds has no application. Such executed contract is valid." Weld v. Weld (Kan.) 81 Pac. 183; Stout v. Ennis, 28 Kan. 706.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and MASON, PHELPS, and RILEY, JJ., concur.

Note.—See under (1) 19 C. J. p. 85, §197; 9 R. C. L. p. 383; 2 R. C. L. Supp. p. 790. (2) 27 C. J. p. 322, §406; 13 R. C. L. p. 1026.