## THOMAS et al. v. WILSON, Adm'r.

No. 32642.   April 23, 1947.

Rehearing Denied May 27, 1947.

Second Petition for Rehearing Denied
Oct. 21, 1947.

*185 P. 2d 473.*

Roy A. Hockensmith, of Okmulgee, and H. F. Fulling, Harry Seaton, Summers Hardy, and Milton W. Hardy, all of Tulsa, for plaintiffs in error.

John R. Woodard of Tulsa, and John L. Norman of Okmulgee, for defendant in error.

DAVISON, V. C. J. This is an action to cancel a conveyance of a one-fourth mineral royalty interest in an 80-acre tract of land in Okmulgee county, to quiet title thereto, and for an accounting of royalty payments received by defendant.

Pearl O. Wilson, the original plaintiff herein, who died during the pendency of this action, was the wife of Wilbur G. Wilson, the administrator of her estate and the present plaintiff. May W. Thomas was the sister of Wilbur G. Wilson and the wife of A. H. Thomas, who is now the administrator of her estate and the principal defendant herein. Albert W. Thomas is their only child.

In 1928, Pearl O. Wilson, herein referred to as plaintiff, had inherited several thousand dollars and had employed A. H. Thomas, herein referred to as defendant, as her attorney and business adviser in the investment of a part of her money. On November 5th of that year, the defendant purchased, in his wife's name, a one-fourth interest in the oil royalty in the 80 acres herein involved, and upon his advice and with his aid the plaintiff purchased a like interest, each costing $550. On November 7th they delivered their transfer order to the Texas Company, which company was buying the oil as it was produced from two wells then on the property. The order was signed by plaintiff, defendant, and the former owners, and directed the payment of royalty in accordance with these conveyances.

On November 14th defendant executed a promissory note to plaintiff in the sum of $550 on the face of which was

the notation in defendant's handwriting. "For refund money invested in one-fourth mineral rights in W.2 N.E.¼ sec. 7-11-12E, Okmulgee, Okla." On the same date, a mineral deed was executed by plaintiff conveying her one-fourth royalty interest to defendant's wife, which deed was recorded November 25th.

The Texas Company, having no notice of the last mentioned deed, continued to make royalty payments to both parties in accordance with the above transfer order. When, in 1942, a larger well was brought in on the premises, defendant notified the company of the royalty deed from plaintiff to his wife, after which, payments on both royalty interests from the new well were made to him. In September, 1943, plaintiff's royalty payments on the old wells were suspended, and in December payment to defendant on one-fourth royalty interest from the new well was suspended.

Plaintiff investigated the reason for the cessation of royalty payments to her and, upon being informed of defendant's contention, instituted this action against the defendant, individually and as administrator of his wife's estate, Albert W. Thomas, the only other heir of plaintiff's wife, and the Texas Company, seeking a judgment canceling the mineral deed from her to defendant's wife, dated November 14, 1928, quieting her title, and an accounting of royalty wrongfully paid to defendant, and a money judgment for the amounts due her.

By the pleadings and proof it was shown that the company was merely a stakeholder and that the defendants, other than A. H. Thomas, have no interest in the subject matter. Plaintiff contended that the defendant was her lawyer and financial adviser and that she never, knowingly, executed the conveyance to defendant's wife, and that, if the same bore her signature, it was through fraud, deceit and breach of trust on the part of defendant. That the note executed by the defendant represented a loan of $550 to him, with which he purchased his royalty interest and that it was never repaid. Defendant contended that he purchased his interest with his own money and when, a few days after the purchase, plaintiff became dissatisfied, he bought her interest, as shown by the conveyance, and executed the note in payment therefor which was to be paid by the royalty payments. In his answer the defendant alleged that the royalty payments exceeded the amount of the note and sought a money judgment for the difference and a confirmation of his royalty interest under the above conveyance. Judgment was rendered for plaintiff, and defendant appeals.

It was conceded that A. H. Thomas was the only defendant claiming an interest under the conveyance from plaintiff, the transaction being handled in his wife's name merely for his convenience.

The cause was tried to the court without the intervention of a jury and, upon timely request, the court made findings of fact and conclusions of law. Although defendant enumerates some 42 assignments of error, only two propositions are seriously argued, the others being without merit, or if correct, constituted only harmless error. The record discloses independent competent evidence, in addition to that complained of, tending to sustain the position of each party. These two propositions presented by appellant are (1) that an attorney can buy property from his client, and (2) no fraud was practiced by defendant.

For 15 years, during which time some $1,700 in royalty was paid to plaintiff, defendant took no step toward the enforcement of his purported rights under the deed in question, nor did he notify the oil company of his claim. The first time he asserted ownership of plaintiff's interest was when well No. 3 was brought in. The royalty from this latter well, in less than 18 months, was about the same as the total from the other two wells in 15 years.

The record conclusively shows that there was no comparison in the business ability and mental level of plaintiff and defendant. Mrs. Wilson was poorly educated in all fields of business. She had a warped mental outlook which prevented her from making normal, reasonable decisions and she relied on defendant for almost complete guidance in the investment of a large part of her money. He was a practicing attorney and a man of more than average intelligence and ability.

The trial court found that, at the time of the purported execution of the deed in 1928, defendant was plaintiff's attorney and financial adviser, and that plaintiff did not know she was executing such an instrument. These two findings, which are clearly supported by competent evidence, are determinative of this case.

In Jones v. Brown, 140 Okla. 155, 282 P. 313, we discussed fully the scrutiny with which business transactions between attorney and client are viewed by this and other courts; the boundaries within which plaintiff's first proposition above is operative.

Defendant herein had cast upon him the burden of proving his business dealings with plaintiff to be on that ultra high plane of not only being without fraud, but also above possibility thereof. He did not discharge that burden.

This doctrine is in perfect harmony with our views expressed in Hagler v. Bishop, 156 Okla. 110, 9 P. 2d 766; Watts v. Jackson, 75 Okla. 123, 182 P. 508, and Minton v. Roberts, 119 Okla. 32, 247 P. 662, cited and relied upon by defendant. We discussed these cases in Gragg et al. v. Pruitt et al., 179 Okla. 369, 65 P. 2d 994, and with reference to the Watts Case, supra, we said: " . . . there is shown no possibility of there being any conflict of interest between the attorney and his client in that case."

The trial court made the findings as above set out, and the judgment, not being against the clear weight of the evidence, will not be disturbed. All royalty payments received by defendant because of the void mineral deed were trust funds belonging to plaintiff.

The judgment is affirmed.

HURST, C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.

## On Application for Rehearing.

PER CURIAM. In connection with application for rehearing we think we should discuss the asserted question of the statute of limitations.

For the reasons indicated by the facts and contentions of plaintiff as stated in the opinion, which contentions were supported by the trial court findings, we are of the opinion now, as we were in adopting the opinion, that this is not an action for recovery of real estate, barred in 15 years (12 O. S. 1941 §93, subd. 4), but is an action for relief on the ground of fraud, maintainable for two years after discovery of the fraud. (12 O. S. 1941 §95, subd. 3.) See Warner v. Coleman, 107 Okla. 292, 231 P. 1053; Tomlin v. Roberts, 126 Okla. 165, 258 P. 1041; and Mansfield v. King, 160 Okla. 243, 16 P. 2d 87.

The opinion discloses the time that elapsed before plaintiff first discovered the conveyance or learned of any claims based thereon, and that this action was commenced within two or three months of such discovery. See American National Bank of Enid v. Crews, 191 Okla. 53, 126 P.2d 733.

The opinion also discloses the facts as to the confidential relationship and lack of claims under the instrument which justify plaintiff's exemption from the constructive notice rule as to public records. See Kauffman v. McLaughlin, 189 Okla. 194, 114 P.2d 929.

Rehearing denied.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.